IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN ROBERT DEMOS, JR., et al.,** | ) | |
|     **Plaintiffs** | ) | **C.A. No. 10-104 Erie** |
| | ) | |
| vs. | ) | **District Judge McLaughlin** |
| | ) | **Magistrate Judge Baxter** |
| **THE UNITED STATES OF AMERICA, et al.,** | ) | |
|     **Defendants.** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    REPORT**

It is respectfully recommended that Plaintiff's motion for leave to proceed *in forma pauperis* [Document # 1] be denied and his complaint be dismissed pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's right to re-open this case upon payment of the filing fee of $350.00.

**II.    RECOMMENDATION**

    **A.    Relevant Procedural History**

On April 27, 2010, Plaintiff John Robert Demos, Jr., an inmate incarcerated at the Stafford Creek Correctional Center in Aberdeen, Washington, filed this action *pro se*, on behalf of himself and the "Society of T.R.U.T.H.," purportedly under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq.. Named as Defendants are the United States of America and the State of Washington. Plaintiff alleges that "prison officials have 'impeded' [him] at every turn" from carrying out and promoting the beliefs of the Society of T.R.U.T.H., which he claims to be a religious order, a philanthropic order, and a "world" order, which "seeks to 're-make,' 're-vamp,' and 're-teach' the world." (Complaint at p. 2). As relief, Plaintiff seeks one million dollars in compensatory and punitive damages. (Complaint at p. 4).

Accompanying the Complaint is a motion to proceed *in forma pauperis*, which remains

1

pending before this Court. [Document # 1].

### B. Standards of Review

#### 1. Prison Litigation Reform Act

The Prison Litigation Reform Act (hereinafter, "PLRA"), Pub.L.No. 104-134 (April 26, 1996), was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(g) of the PLRA, often referred to as the "three strikes" provision, states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "The bar imposed by this provision does not preclude an inmate from bringing additional suits. It does, however, deny him the right to obtain *in forma pauperis* status." Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998).

A prisoner is exempt from the preclusive effects of § 1915(g) only if he or she "invoke[s] [the] 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), cert. denied 533 U.S. 953 (2001). However, "[a] court need not accept all allegations of injury made pursuant to § 1915(g)." Brown v. City of Philadelphia, 331 Fed. Appx. 898, 900 (3d Cir. 2009). A district court may discredit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" Gibbs, 160 F.3d at 967, quoting Denton v. Hernandez, 504 U.S. 25, 33 (1992).

#### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the

2

court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### **C.** **Discussion**

"A review of court records on the U.S. PACER Case Locator, Civil Party Search, reveals that Plaintiff, [John Robert Demos, Jr.], while incarcerated, has filed hundreds of civil actions located throughout the United States." Demos v. State of Washington, 2010 WL 2166256 (S.D.Ill. 2010). The federal courts have dismissed as frivolous at least three of Plaintiff's previous cases: Demos v. Doe, No. 100-cv-594(WBH)(N.D.Ga. Mar. 29, 2000); Demos v. Hatlin, No. 1:97-cv-1819(RCF)(N.D.Ga. Oct. 7, 1997); and Demos v. Doe, No. 1:04-cv-1684(GET)(N.D.Ga. Mar. 1, 1995). While federal courts have dismissed as frivolous several other cases brought by Plaintiff, only three strikes are needed to bar *in forma pauperis* status under 28 U.S.C. § 1915(g).

Furthermore, the allegations of his complaint do not raise a cognizable claim of "imminent danger of serious physical injury" so as to fit within the exception to § 1915(g). Consequently, Plaintiff is barred from proceeding *in forma pauperis*.

3

### III.   CONCLUSION

It is respectfully recommended that Plaintiff's motion for leave to proceed *in forma pauperis* [Document # 1] be denied and his complaint be dismissed pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's right to re-open this case upon payment of the filing fee of $350.00.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of some appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 8, 2010

cc:   The Honorable Sean J. McLaughlin
      United States District Judge